William G. Heffron, J.
Taxpayer Pellnat recovered judgment of $112.10 against the City of Buffalo in Small Claims Court of Buffalo. This sum represents that portion of the 1973 real property tax which exceeded the city’s tax limit.
*743 Small Claims Court had subject matter jurisdiction of this action to recover money and the City of Buffalo raised no objection to the court’s jurisdiction over the city as defendant. The trial court’s decision was an adjudication of Pellnat’s claim only and its judgment could not be pleaded by other taxpayers seeking refunds. (UCCA, §§ 1801, 1808.)
Pellnat based his claim for refund on his having paid the tax under protest and on the decision in Hurd v City of Buffalo (34 NY2d 628) a Per Curiam decision affirming the opinion of the Appellate Division (41 AD2d 402) and reversing the trial court.
The issue on appeal is whether the city could continue to exceed its tax limit after the Appellate Division held the tax unconstitutional. The decision of this court is that the city’s legislative and executive branches exercised proper discretion in continuing to impose and collect the tax in 1973. Writing for the Appellate Division, Justice Moule followed Lemon v Kurtzman (411 US 192) and refused to apply the ruling retroactively: "The City administration relied upon the [taxing] statute in preparing its budget and to mandate repayment of amounts illegally collected in the past would place an impossible burden on it”. (Hurd v City of Buffalo, supra, p 406.)
ORDER OF EVENTS
November 13, 1972: Supreme Court, Erie County, rejected Hurd’s claim that the 1971 tax was illegal.
April 2, 1973: The United States Supreme Court decided Lemon v Kurtzman and refused to apply its decision retroactively.
April 27, 1973: Budget submitted to the Buffalo Common Council.
May 18, 1973: Appellate Division held the 1971 tax to be illegal.
May 31, 1973: Common council adopted the 1973 budget.
June 7, 1973: City filed notice of appeal in litigation.
June 20, 1973: Deadline for Board of Assessors to publish notice re city tax.
July, 1973: First installments of tax received by city.
*744 December, 1973: Second installments received from taxpayers.
March 27, 1974: Court of Appeals held the tax to be unconstitutional; refunds not ordered.
Under section 535 of its charter, the city had a right to rely on the taxing authority granted by section 11.00 (subd a, par 42-a) of the Local Finance Law and the city did not act in bad faith. Hurd never sought to enjoin the city from collecting the 1971 tax during the course of the litigation he initiated. No one could predict the final decision in the Court of Appeals: the city prevailed in the trial court; the taxpayer prevailed in the intermediate court. The Appellate Division, in specifically refusing to make its decision retroactive as to the 1971 tax levy, thereby stated the reason why its ruling should not be applicable to taxes imposed in 1973. The governmental process of budget preparation and adoption and of tax billing and collection could not possibly be halted when the decision of the Appellate Division was published.
I need not decide whether a taxpayer paying under protest obtains any advantage over a taxpayer who "voluntarily” pays taxes which are then being litigated. The judgment is hereby reversed without costs.